SUMMARY ORDER
Petitioner Pedro Rafael Montesquieu, a native and citizen of the Dominican Republic, seeks review of the October 27, 2008 order of the BIA denying his motion to reopen his removal proceedings. In re Pedro Rafael Montesquieu, No. A076 553 152 (B.I.A. Oct. 27, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (per curiam) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Montesquieu filed his motion to reopen his removal proceedings based on the allegation that he was denied effective assistance of counsel in violation of his Fifth Amendment rights, because his former counsel failed to adequately challenge the determination of the Immigration judge (“IJ”) that he was ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). Thus, to succeed on his motion, Montesquieu needed to demonstrate that: (1) competent counsel would have acted otherwise; and (2) he was prejudiced by his counsel’s performance.[1] See *571 Romero v. INS, 399 F.3d 109, 112 (2d Cir.2005). Here, the BIA reasonably concluded that Montesquieu failed to show he was prejudiced by his former counsel’s performance.
Montesquieu devotes the majority of his brief to refuting the BIA’s conclusion that his conviction under N.Y. Penal Law § 220.39 constituted an aggravated felony, and to asserting that his former counsel was ineffective for failing to argue this point. This issue is ultimately irrelevant to his petition. Even if Montesquieu could prevail on this claim — a question we expressly decline to consider — the BIA correctly concluded that he was statutorily ineligible for cancellation of removal because he could not demonstrate seven years of continuous residence in the United States under 8 U.S.C. §§ 1229b(a) and 1182(a)(2).
Pursuant to 8 U.S.C. § 1229b(a), “[t]he Attorney General may cancel removal in the case of an alien who is inadmissable ... [to] the United States if the alien (1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony.” See Martinez v. Mukasey, 551 F.3d 113, 117 (2d Cir.2008). However, under the so-called “stop-time rule,” any period of “continuous residence or continuous physical presence in the United States shall be deemed to end ... when the alien is served a notice to appear ... or when the alien has committed an offense referred to in [8 U.S.C. § 1182(a)(2) ] that renders the alien inadmissible to the United States under [8 U.S.C. § 1182(a)(2)] ..., whichever is earliest.” 8 U.S.C. § 1229b(d)(l). See also Martinez v. INS, 523 F.3d 365, 369 (2d Cir.2008). In relevant part, offenses under 8 U.S.C. § 1182(a)(2)(A)® include any “violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)”; i.e., “a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of th[at] subchapter,” 21 U.S.C. § 802(6). Schedule 11(a)(4) of part B includes “cocaine, its salts, optical and geometric isomers, and salts of isomers ... or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph.” 21 U.S.C. § 812(c).
Montesquieu’s 2000 conviction for the attempted criminal sale of cocaine, an offense “relating to a controlled substance” as defined under 21 U.S.C. §§ 802(6) and 812(c), rendered him inadmissible under 8 U.S.C. § 1182(a)(2)(A)®, and it therefore stopped his period of continuous residence pursuant to 8 U.S.C. § 1229b(d)(l). As Montesquieu was first admitted to the United States in 1997, and the underlying offense occurred in 1999, see Martinez, 523 F.3d at 369, he could not demonstrate seven years of continuous residence in the United States. Therefore, Montesquieu was statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(a).
Montesquieu’s ineligibility for cancellation of removal demonstrates that the BIA did not abuse its discretion by denying his motion to reopen, since Montesquieu failed to show that he suffered prejudice from his counsel’s actions. We have considered all of Montesquieu’s remaining arguments and determined them to be without merit. For the foregoing reasons, the petition for review is DENIED.

. Additionally, under agency precedent at the time, Montesquieu was required to satisfy the factors described in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). As the resolution of Montesquieu's motion did not turn on those factors, it is unnecessary to address Lozada, former Attorney General Mukasey's repudiation of Lozada in Matter of Compean, 24 I. & N. Dec. 710 (A.G.2009) ("Compean I"), or the current Attorney General's decision to vacate Compean I. See Matter of Compean, 25 I. & N. Dec. 1 (A.G.2009) ("Compean II").